**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CAROLINA GISELLE BALIHAUT,

        Petitioner,

v.                                                     Case No. 3:26-cv-839-WWB-SJH

WARDEN, BAKER DETENTION
CENTER, et al.,

        Respondents.
_____

## ORDER

Through counsel, Petitioner filed a Petition for Writ of Habeas Corpus.  (Doc. 1). The Petition, however, is not a model of clarity, and the Court is unsure what claims Petitioner intends to raise.  Thus, for the reasons below, the Court directs Petitioner to file an amended petition.

First, under 28 U.S.C. § 2242, an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C. § 2242 (emphasis added).  Here, the Petition fails to include a verification.

Second, to the extent that Petitioner challenges the immigration judge's bond proceeding on constitutional grounds, she must allege that she has exhausted those claims.  *See, e.g., Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (finding a § 2241 petitioner should have exhausted his administrative remedies by appealing an adverse bond determination to the Board of Immigration Appeals ("**BIA**") before asking the federal court to review the IJ's bond decision); *Bogle v. DuBois*, 236 F. Supp. 3d 820,

823 (S.D.N.Y. 2017) (dismissing § 2241 petition that raised due process violation in connection with a bond hearing for petitioner's failure to exhaust the issue by appealing to the BIA).  And finally, to the extent that Petitioner raises claims related to the conditions of her confinement, those claims must be raised in a civil rights action.  *See generally Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) ("Petitioner's § 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement.  And, in any event, even if Petitioner established a constitutional violation, he would not be entitled to the relief he seeks because release from imprisonment is not an available remedy for a conditions-of-confinement claim.").

Accordingly, it is **ORDERED** that **by May 15, 2026**, Petitioner shall file an amended petition.  Failure to timely comply with this Order may result in dismissal of the case without further notice.

**DONE AND ORDERED** in Jacksonville, Florida, on April 15, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7

C:    counsel of record

2